IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYED ASKARI,

    Plaintiff,

v.                                                                                        No. 2:24-cv-00007-JHR[1]

TAJ AND ARK, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This is the second case that Plaintiff, who is proceeding *pro se*, has filed against Defendant Taj and Ark, LLC. *See* Civil Complaint and Demand for a Jury Trial, Doc. 1, filed January 2, 2024 ("Complaint") ("*Askari II*"); *see also Askari v. Taj and Ark, LLC*, No. 2:22-cv-00984-JB-KRS ("*Askari I*"). In both cases Plaintiff alleges that Defendant's underpayment of taxes or evasion of taxes payable to the Internal Revenue Service caused Plaintiff emotional distress. Plaintiff asserts claims for negligence and intentional infliction of emotional distress and claims pursuant to 42 U.S.C. § 1983.

**Negligence**

> To prevail on a negligence claim, a plaintiff must prove "the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 18, 137 N.M. 64, 107 P.3d 504 (internal quotation marks and citation omitted). "Whether the defendant owes a duty to the plaintiff, is a legal question for the courts

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed January 2, 2024. Plaintiff has paid the filing fee. *See* Doc. 3, filed January 2, 2024. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

> to decide." *Lujan v. N.M. Dep't of Transp.*, 2015-NMCA-005, ¶ 8, 341 P.3d 1. That legal question is one of "policy made with reference to legal precedent, statutes, and other principles comprising the law." *Morris v. Giant Four Corners, Inc.*, 2021-NMSC-028, ¶ 10, 498 P.3d 238 (internal quotation marks and citation omitted).
>
> . . . .
>
> "In determining whether a duty of care exists or should be expanded or contracted, a court's analysis should focus on policy considerations." *Morris*, 2021-NMSC-028, ¶ 11, 498 P.3d 238 (internal quotation marks and citation omitted). Foreseeability does not play a part when the court assesses the existence or scope of a duty. *Rodriguez*, 2014-NMSC-014, ¶¶ 1, 4, 326 P.3d 465; *id.* ¶ 1 (adopting the Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 7 (2010) for duty analysis).

*Chavez v. Convergys Corp.*, 2023-NMCA-067, ¶¶ 9, 12.

The Complaint fails to state a negligence claim because there are no allegations or citations to policy or legal authority showing that Defendant owed a duty to Plaintiff to regarding Defendant's payment of taxes to the Internal Revenue Service.

**Intentional Infliction of Emotional Distress**

It appears Plaintiff may be asserting a claim for intentional infliction of emotional distress. *See* Complaint at 3 (stating "I believe that I am entitled to $76,000.00 (seventy-six thousand dollars) compensable to me as a direct result of Defendant's intentional infliction of emotional distress"). The elements of an intentional infliction of emotional distress claim are:

> (1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress.

*Baldonado v. El Paso Natural Gas Co.*, 2008-NMCA-010, ¶ 23 (quoting *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002–NMSC–004, ¶ 25.

The Complaint fails to state a claim for intentional infliction of emotional distress because there are no factual allegations showing that Defendant's conduct was extreme and outrageous or that Plaintiff's mental distress was extreme and severe. Conclusory allegations such as

"Defendant's conduct was unlawful, extreme and outrageous" and "Defendant inflicted severe emotional distress" are not sufficient to state a claim. Complaint at 6; *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

**Civil Rights Claims Pursuant to 28 U.S.C. § 1343**

Plaintiff asserts civil rights claims pursuant to 28 U.S.C. § 1343 based on the following clause of the United States Constitution:

> No money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law; and a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time.

U.S. Const. art. I, § 9, cl.7; Complaint at 4.

Plaintiff previously asserted civil rights claims against this Defendant pursuant to 42 U.S.C. § 1983 based on U.S. Const. art. I, § 9, cl.7. *See* Amended Complaint at 1, Doc. 9, filed January 27, 2023, in *Askari I*. Plaintiff incorrectly states that *Askari I* was dismissed without prejudice. *See* Complaint at 1-2. United States District Judge James O. Browning dismissed Askari's negligence claim without prejudice for lack of subject-matter jurisdiction, but dismissed Askari's 42 U.S.C. § 1983 claims *with prejudice* for failure to state a claim. *See* Doc. 12 at 13, filed February 27, 2023, in *Askari I* (concluding Askari failed to state a claim pursuant to § 1983 "because there are no factual allegations that Taj and Ark: (i) acted under color of state or federal law; and (ii) deprived Askari of a federal right by filing false tax documents"). It appears that Plaintiff's 42 U.S.C. § 1983 claims in this case should be dismissed as barred by *res judicata* and for failure to state a claim because there are no factual allegations that Defendant is a state actor or that Defendant deprived Plaintiff of a federally protected right. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1)

3

deprivation of a federally protected right by (2) an actor acting under color of state law."); Complaint at 4 (stating "At the time the claim alleged in this complaint arose, this defendant was NOT acting under color of state law") ("emphasis in original).

**Statute of Limitations**

Plaintiff's claims are based on Defendant's acts and omissions "for the past nine years" and in "2014, 2015, 2016, and onwards." Complaint at 3-4. It appears that Plaintiff's claims based on Defendant's conduct before January 2, 2021, are barred by the statute of limitations. *See* N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

**Order to Show Cause**

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See, for example,* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**