IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYED ASKARI,

        Plaintiff,

v.  No. 2:24-cv-00007-JHR

TAJ AND ARK, LLC,

        Defendant.

## ORDER REGARDING CONTRACT AND SERVICE

Plaintiff, who is proceeding *pro se*, alleged that Defendant's underpayment of taxes or evasion of taxes payable to the Internal Revenue Service caused Plaintiff emotional distress. *See* Civil Complaint and Demand for a Jury Trial, Doc. 1, filed January 2, 2024 ("Complaint"). Plaintiff asserted claims for negligence and intentional infliction of emotional distress and claims pursuant to 42 U.S.C. § 1983. This is the second case that Plaintiff has filed against Defendant Taj and Ark, LLC. *See Askari v. Taj and Ark, LLC*, No. 2:22-cv-00984-JB-KRS ("*Askari I*").

The Court notified Plaintiff that the Complaint failed to state claims for negligence and intentional infliction of emotional distress and claims pursuant to 42 U.S.C. § 1983 and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause, Doc. 6, filed February 1, 2024.

Plaintiff now asserts a breach of contract claim. *See* Amended Complaint at 4 (stating "Defendant breached its contractual obligation" and "Defendant owed a fiduciary duty to Plaintiff through a binding contractual obligation that Defendant shall duly pay federal and state taxes upon the income the Defendant received from Plaintiff"). Plaintiff did not attach a copy of the contract to the Amended Complaint. The Amended Complaint does not contain allegations describing the dates and amounts Plaintiff paid Defendant pursuant to the contract. The Court orders Plaintiff to

file a copy of the contract and a notice describing the dates and amounts Plaintiff paid Defendant pursuant to the contract. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Plaintiff has not shown that he has properly served Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction). Plaintiff filed the Complaint in this case on January 2, 2024, and the Court issued a summons as to Defendant Taj & Ark on January 30, 2024. *See* Doc. 5. Plaintiff has not filed an affidavit proving service on Defendant. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit"). Plaintiff's assertion that he served Defendant over a year ago in *Askari I* and that "the current proceeding is a continuance of [*Askari I*]" does not relieve Plaintiff of his obligation to serve a summons on Defendant in this case. Response to Order to Show Cause at 5, Doc. 9, filed May 31, 2024; Amended Complaint at 3, Doc. 10, filed May 31, 2024 (stating "Defendant was served with summons issued by the United States District Court for the District of New Mexico under ["*Askari I*"] through process server on February 27, 2023, but Defendant did not return an answer to the summons").

If Plaintiff has not already served Defendant with the summons issued in this case, Plaintiff must, within 28 days of entry of this Order, serve Defendant the summons issued in this case, along with a copy of the Amended Complaint, pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed,

the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). Plaintiff must also, within 14 days of service on Defendant, file proof of service.

If Plaintiff has already served Defendant in this case, Plaintiff must, within 14 days of entry of this Order, file proof of service.

**Notice regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 11(c); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**IT IS ORDERED** that Plaintiff shall:

(i)   within 21 days of entry of this Order, file a copy of the contract between Plaintiff and Defendant that gives rise to this action.

(ii)  within 21 days of entry of this Order, file a notice describing the dates and amounts of payments Plaintiff has made to Defendant under the contract.

(iii) within 28 days of entry of this Order, if Plaintiff has not already served Defendant in this case, serve Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure with the summons issued in this case and a copy of the Amended Complaint.

(ii)  within 14 days of entry of this Order, file proof of service on Defendant if Plaintiff has already served Defendant in this case; if Plaintiff has not previously served

Defendant in this case, Plaintiff must, within 14 days of service on Defendant, file proof of service on Defendant.

Failure to timely comply with this Order may result in dismissal of this case.

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**